Jarnail SINGH, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74738.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Jarnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision, which adopted and affirmed the Immigration Judge's ("IJ") order denying his applica-

tion for withholding of removal, and relief under the Convention Against Torture ("CAT").

This court lacks jurisdiction to review Singh's asylum eligibility because he did not exhaust his claim before the IJ. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999). Accordingly, we dismiss Singh's asylum claim.

We have jurisdiction under 8 U.S.C. § 1252 to address the remaining issues. We review for substantial evidence an adverse credibility determination. *See Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006). Our review is limited to the IJ's reasoning rather than our independent analysis of the record. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1121–22 (9th Cir. 2004). We grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination. The adverse credibility determination is not supported by specific, cogent reasoning that goes to the heart of Singh's claim. *See Singh*, 439 F.3d at 1105–07. Furthermore, the IJ does not explain the significance of Singh's alleged discrepancies related to his Sikh identity considering that Singh's fear of persecution appears to be rooted in imputed political opinion. *See id.*

Finally, the IJ's summary statement on the merits is not an adequate basis upon which to affirm the IJ's determination that Singh is ineligible for withholding of removal or CAT. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1121–23 (9th Cir.2004).

Accordingly we grant the petition and remand for further merits proceedings consistent with this disposition. *See Singh*, 439 F.3d at 1112.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DISMISSED in part, GRANTED in part and REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.